UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS R. MEDINA, an individual as Trustee of the JESUS R. MEDINA AND ANGELICA M. MEDINA REVOCABLE LIVING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. a foreign corporation; MTC FINANCIAL INC., dba TRUSTEE CORPS; BAYVIEW LOAN SERVICE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a nominee for AEGIS WHOLESALE CORPORATION, as beneficiary; BANK OF NEW YORK MELLON, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:19-cv-00858-RFB-NJK<br><br>ORDER |

## I.　INTRODUCTION

Before the Court are Plaintiff Jesus Medina's Motion for Preliminary Injunction, ECF No. 1-1 at 20, and Motion to Remand to State Court, ECF No. 11.  Also before the Court is Defendants Bayview Loan Servicing, LLC, Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A.'s Motion to Dismiss, ECF No. 12.

The Court dismisses this action without prejudice for lack of jurisdiction as the Court finds that this matter falls within the jurisdiction of the Bankruptcy Court of the Eastern District of California.

## II.　PROCEDURAL BACKGROUND

Plaintiff sued Defendants in state court on May 7, 2019.  ECF No. 1-1.  On Plaintiff's

motion, the state court issued a temporary restraining order to enjoin Defendants from foreclosing on Plaintiff's property. Id. Defendants removed the matter to this Court on May 20, 2019. ECF No. 1. The Court extended the temporary restraining order, set a hearing on the motion for preliminary injunction, and ordered briefing on whether a preliminary injunction should issue. ECF Nos. 3–4, 6.

On the parties' stipulation, the Court delayed the hearing on the preliminary injunction. ECF No. 6. The Court also ordered briefing on whether the matter should be transferred to the Eastern District of California for referral to the Bankruptcy Court. Id. The Court noted that the Bankruptcy Court had previously approved a cramdown stipulation between Plaintiff and Defendant Bank of New York Mellon in relation to the property that Defendants seek to foreclose on. Id.

Plaintiff now moves to remand the matter to state court, ECF No. 11, and Defendants move to dismiss the matter, ECF No. 12. Both motions are opposed. ECF Nos. 16, 18. The motion for preliminary injunction has not been resolved. See docket.

The Court has vacated the hearing on the motion for preliminary injunction, opting to issue a written order instead. ECF No. 14. Since vacating the hearing, Defendants filed a status report, indicating their intent to foreclose on the property absent an order enjoining the foreclosure. ECF No. 20.

### III. FACTUAL BACKGROUND

The Court makes the following factual findings. Plaintiff purchased the property at 230 Wicked Wedge Way, Las Vegas, Nevada 89148 in 2006. Plaintiff claimed bankruptcy in March 2013 in the Bankruptcy Court of the Eastern District of California. The bankruptcy action affected and altered the mortgage payments on the Wicked Wedge property. Specifically, the Bankruptcy Court issued a cramdown order in 2014 according to a stipulation reached between Plaintiff and Defendant Bank of New York Mellon. The cramdown order creates a payment plan on the mortgage of the property, setting the monthly payment at $1,281.91.

///

Plaintiff submitted mortgage payments to Defendants from May 2014 to January 2017 in the amount of $1,097.75—not $1,281.91, the amount stated in the cramdown order. Plaintiff alleges that he believed $1,097.75 was the amount required under the bankruptcy plan. Defendants accepted the payments and failed to inform Plaintiff that the monthly payments were insufficient.

In February 2017, Defendants informed Plaintiff that he owed $12,819.10 in arrears. Plaintiff has attempted to cure the deficiency, but Defendants allegedly rebuffed the attempts.

Plaintiff now sues Defendants, alleging three claims: (1) fraud and slander of title, (2) breach of contract laches waiver, and (3) breach of duty of good faith and fair dealing. Plaintiff also seeks to prevent Defendants from foreclosing on the property.

In response to the motion to dismiss, Plaintiff attaches a proposed amended complaint and states its intent to "file [the amended complaint] in the proper jurisdiction" once the pending motions are resolved.

## IV.     DISCUSSION

The Court finds that this matter should proceed before the Bankruptcy Court. "Title 28 U.S.C. § 1334(b) vests jurisdiction over bankruptcy matters in the district court by conferring jurisdiction over all civil proceedings arising under title 11." In re Franklin, 802 F.2d 324, 326 (9th Cir. 1986) (internal quotation marks omitted). "Cases arising under section 1334(b) are in turn delegated to the bankruptcy courts through 28 U.S.C. § 157." Id. Thus, under 28 U.S.C. §§ 157(a) and 1334, a district court may refer a matter to a bankruptcy court if the matter arises under or relates to the Bankruptcy Code. In re Ray, 624 F.3d 1124, 1130–31 (9th Cir. 2010).

"[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." In re Wilshire Courtyard, 729 F.3d 1279, 1289 (9th Cir. 2013). The Ninth Circuit has held that the forgoing results in bankruptcy courts having "jurisdiction over [a] declaratory judgment action if such an action requir[es] a bankruptcy judge to determine the effect of a prior order of the bankruptcy court[.]" Id. "Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11" and thus fall within the jurisdiction of bankruptcy courts. Id.; see also In re Ray, 624 F.3d at 1130–31. A bankruptcy court retains "ancillary

jurisdiction if re-opening [a] case is necessary … to enable the bankruptcy court to vindicate its authority and effectuate its decrees." Id. "[B]ankruptcy court orders are not subject to collateral attack in other courts." In re Gruntz, 202 F.3d 1074, 1082 (9th Cir. 2000).

The Court finds that the issues of this litigation fall within the jurisdiction of the Bankruptcy Court and not this Court since the issues concern the enforcement of the cramdown order. The cramdown order set the monthly mortgage payment. The cramdown order also addresses the state law remedies available to the creditors in the event of a post-confirmation material breach. Because the gravamen of the complaint centers on a possible material breach of the cramdown order and a possible waiver of rights to state law remedies despite the cramdown order, the Court finds that the disputes arise under the cramdown order issued by the Bankruptcy Court. The Bankruptcy Court therefore retains ancillary jurisdiction "to interpret and enforce its order," In re Wilshire Courtyard, 729 F.3d at 1289, and "to vindicate its authority." In re Ray, 624 F.3d at 1130–31. To allow this matter to proceed here would require this Court to effectively modify the cramdown order or to enforce the cramdown order. Such actions fall within the jurisdiction of the Bankruptcy Court of the Eastern District of California and not within this Court's jurisdiction.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is GRANTED in part. This matter is DISMISSED without prejudice for lack of jurisdiction and should proceed before the Bankruptcy Court of the Eastern District of California

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 11) is DENIED for the same reasons noted.

DATED: July 3, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**